**Vonny Mieke SUPIT; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75380.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Office of Kathleen Koh, Whittier, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Cindy S. Ferrier, Michelle E. Gorden Latour, P. Michael Truman, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jaesa Woods McLin, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Oxford, MS, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Vonny Mieke Supit, her husband, Pierson Figuhr Sangari, and their minor children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–

85 (9th Cir.2006), and we review *de novo* questions of law, *Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir.2008). We deny the petition for review.

■ Substantial evidence supports the BIA's finding that Supit did not establish her continuous presence for the period required under 8 U.S.C. § 1229b(b)(1). *See Lagandaon v. Ashcroft,* 383 F.3d 983, 992, n. 10 (9th Cir.2004) (noting that a leap year shall still be counted as one year). Therefore, Supit's cancellation of removal claim fails.

■ The record does not compel the conclusion that Supit presented extraordinary circumstances to excuse her untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Therefore, Supit's asylum claim fails.

■ Substantial evidence supports the agency's determination that Supit did not establish past persecution or a clear probability of future persecution if returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182, 1184–85 (9th Cir.2003). Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, Supit has not established a clear probability of future persecution. *See id.* at 1184–85. Supit also failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

■ Lastly, substantial evidence also supports the agency's conclusion that Supit did not establish it is more likely than not that she will be tortured if returned to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.