**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIEGFRIED WAGIU; et al., | No. 09-73995 |
| Petitioners, | Agency Nos. A095-630-215 |
| v. | A095-630-214 |
| | A095-630-213 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Siegfried Wagiu and his family, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where it was filed over three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish changed circumstances in Indonesia to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (evidence submitted with motion to reopen must be qualitatively different from the evidence presented at the original hearing); *see also Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004) (regulatory exception to time limitation does not extend to alleged changes in United States asylum law). We reject petitioners' contention that the BIA failed to sufficiently explain its decision. *See Najmabadi*, 597 F.3d at 990.

In light of our decision in *Wagiu v. Mukasey*, 299 Fed.Appx. 686 (9th Cir. Nov. 4, 2008), the BIA did not abuse its discretion in denying the motion to reopen to apply our decisions in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**